28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael A. HARRIS, a/k/a Blackie, a/k/a Black Mike,
Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dioria D. GARCIA, a/k/a Divine, Defendant-Appellant.
 Nos. 93-5492, 93-5493.
 United States Court of Appeals, Fourth Circuit.
 Argued April 14, 1994.
Decided June 9, 1994.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Newport News. Henry C. Morgan, Jr., District Judge. (CR-93-1).
 Steven Paul Frank, Romayne L. Frank & Steven P. Frank, Newport News, VA, for appellant Harris.
 Oldric J. LaBell, Jr., Newport News, VA, for appellant Garcia.
 Robert E. Bradenham, II, Asst. U.S. Atty., Norfolk, VA, for appellee.
 Helen F. Fahey, U.S. Atty., Norfolk, VA, for appellee.
 E.D.Va.
 AFFIRMED.
 Before WIDENER and WILLIAMS, Circuit Judges, and TURK, United States District Judge for the Western District of Virginia, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants Michael A. Harris and Dioria D. Garcia raise six issues on appeal relating to the sentences they received following their convictions for conspiracy to distribute cocaine and other related charges.* Concluding that the sentencing judge committed no reversible error, we affirm.
 
 
 2
 * Harris raises three issues on appeal: (1)the District Court erred by failing to state in open court the reasons for imposing his sentence, (2)the District Court erred in concluding that he joined the conspiracy prior to April 1992, and (3)the District Court erred in calculating his base offense level. Garcia raises two issues on appeal: (1)the District Court erred in attributing six kilograms of cocaine to him and (2)the District Court erred in not according him a reduction for his minor role in the conspiracy. Finally, both appellants contend that 21 U.S.C. Secs. 841 and 846 are unconstitutional.
 
 
 3
 We review a District Court's factual findings under the clearly erroneous standard of review and its conclusions of law under the de novo standard of review. United States v. Hicks, 948 F.2d 877, 881 (4th Cir.1991); United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir.1989); United States v. Sheffer, 896 F.2d 842, 846 (4th Cir.), cert. denied, 498 U.S. 968 (1990).
 
 II
 
 4
 * Harris alleges that the District Judge failed to state in open court the reasons for imposing his sentence as required by 18 U.S.C. Sec. 3553(c) (1988), which states that
 
 
 5
 [t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence ... is of the kind, and within the range, described in subsection (a)(4), and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range....
 
 
 6
 In Harris' case, the guideline range for the conspiracy count was 235 months to 293 months.
 
 
 7
 Before pronouncing Harris' sentence, the trial judge stated,
 
 
 8
 In determining the amount of the sentence, the Court has considered the evidence on the amount of the drugs that were involved. It has considered and rejected the argument that the defendant was a minor participant. It has considered the involvement of the firearms and it has also considered and taken into consideration in a tangible way the fact that, in the view of the Court, the defendant participated in the obstruction of justice. So having considered that one time, the Court doesn't feel it's appropriate to consider it again. I do agree with Mr. Clancy that at this point of the proceeding the Court may take into consideration such things as whether or not Mr. Harris lived a life-style comparable to the leader of the conspiracy or even to the lieutenant. The Court finds that Mr. Harris' participation was certainly less than that of Jeremiah White, and he certainly lived a lesser life-style which suggests to the Court that he did not participate to the same extent that Mr. White did in the conspiracy. So having already taken into consideration the enhancement of the firearm and the objection of justice, I don't believe it's appropriate for the Court to take it into consideration again. Also, it is true that this defendant has a criminal history category of one. Again, that's already taken into consideration, but I think it is worthy of comment at this point. On the other hand, while faced with what the Court believes was overwhelming evidence, the defendant nonetheless exercised his constitutional right to a trial by jury and the question is how the Court should weigh that as against the other defendants who pleaded guilty, and the other defendants who pleaded guilty get 2 points' credit for that. So as far as the Court's concerned, that's a neutral factor which should not be considered. All factors considered, the Court is of the opinion that a sentence in the mid-range of the guideline terms is appropriate for Mr. Harris in this case.
 
 
 9
 Joint Appendix ("JA") at pp. 218-19. In short, the District Judge enumerated the factors that he considered in determining Harris' sentence and stated that these factors formed the reason for imposing a sentence in the mid-range of the guideline range. Therefore, we find that the District Judge sufficiently stated in open court his reasons for his imposition of the sentence.
 
 B
 
 10
 Harris also claims that the District Court erred in concluding that he joined the conspiracy prior to April 1992. At the sentencing hearing, the court found that "the evidence clearly shows that the defendant Harris was participating in the conspiracy for longer than simply the last few months when he was under direct surveillance." Joint Appendix at p. 211. At Harris' trial, the leader of the conspiracy testified that Harris participated in the conspiracy from late 1989 until October 2, 1992. JA at pp. 64-65. The United States also presented evidence that Harris distributed cocaine for the conspiracy in May 1991. JA at pp. 69-70, 119-22. This evidence supports the District Court's finding that Harris participated in the conspiracy prior to April 1992, and we will not disturb that finding on appeal.
 
 C
 
 11
 Finally, Harris claims that the District Court erred in calculating his base offense level in light of his role in the conspiracy. Specifically, Harris contends that the following factors indicate that he played only a minor role in the conspiracy: (1)he only participated in a single purchase of six kilograms of cocaine, (2)he never had his own customers, (3)he was only paid for the deliveries that he made and did not benefit from the other co-conspirators' drug activities, and (4)he lived a lesser lifestyle than the other co-conspirators. The District Judge found that Harris' involvement in the purchase of six kilograms of cocaine in New York "put absolutely to rest any argument that could be made by defendant Harris that he was a minor participant." JA at p. 212. Although the court did not reduce the offense level for being a minor participant, it did take Harris' lesser role into account when determining the proper sentence. JA at pp. 218-19. We find that the District Court's finding that Harris was not a minor participant was supported by the evidence and therefore not clearly erroneous.
 
 III
 
 12
 * Garcia claims that the District Court erred in attributing six kilograms of cocaine to him. Co-conspirators are "liable for all reasonably foreseeable acts of their co-conspirators done in furtherance of the conspiracy." United States v. Cummings, 937 F.2d 941, 944 (4th Cir.), cert. denied, 112 S.Ct. 395 (1991). Therefore, the amount of cocaine purchased by the co-conspirators during the time period that Garcia was a member of the conspiracy can be attributed to Garcia. Sufficient evidence was presented to demonstrate that Garcia was a member of the conspiracy when the six kilograms of cocaine were purchased in New York. JA at pp. 157-62. As such, the District Court did not err in concluding that this purchase was a reasonably foreseeable act and attributing the six kilograms to Garcia.
 
 B
 
 13
 Garcia also contends that the District Court erred in failing to give him a reduction in his offense level for his minor role in the conspiracy. The District Court concluded that
 
 
 14
 the fact that he [Garcia] had conversations with Mr. Smith about his lack of supply and his efforts to find new sources of supply and even code words that Mr. Smith should use if he called Mr. Garcia and hasn't been able to obtain a new source of supply all suggests the Mr. Garcia was certainly not a minimal participant but, rather, a knowledgeable participant in the conspiracy.
 
 
 15
 JA at p. 246.
 
 
 16
 We find that the record contains sufficient evidence to support the District Court's conclusions. Therefore, we conclude the District Court was not clearly erroneous in refusing to reduce Garcia's offense level based upon minor participation in the conspiracy.
 
 IV
 
 17
 Both appellants contend that 21 U.S.C. Secs. 841 and 846 are unconstitutional. 21 U.S.C. Sec. 841(a)(1) makes it illegal to manufacture, distribute, or possess with the intent to distribute controlled substances. 21 U.S.C. Sec. 846 makes it illegal to conspire to violate Sec. 841(a)(1). Appellants contend that these statutes are unconstitutional because they do not provide trial by jury as to the quantity of drugs involved. Instead, drug quantity is proved by a preponderance of the evidence at the sentencing phase. This argument was presented to and rejected by the District Court. JA at p. 50.
 
 
 18
 The quantity of drugs is not an essential element of the offenses set forth in 21 U.S.C. Secs. 841 and 846. United States v. Powell, 886 F.2d 81, 85 (4th Cir.1989), cert. denied, 493 U.S. 1084 (1990); United States v. Campuzano, 905 F.2d 677, 679 (2nd Cir.), cert. denied, 498 U.S. 947 (1990). Therefore, the government need only to prove drug quantity by a preponderance of the evidence. United States v. Mark, 943 F.2d 444, 450 (4th Cir.1991). As such, a trial by jury as to the amount of drugs involved is not constitutionally required. United States v. Engleman, 916 F.2d 182, 184 (4th Cir.1990). Based upon these well-established principles, we reject the Appellants' contention that these statutes are unconstitutional.
 
 V
 
 19
 For the reasons stated herein, the judgment of the District Court is
 
 
 20
 AFFIRMED.
 
 
 
 *
 After a three-day jury trial, Harris was found guilty of five counts: (1)conspiracy to distribute and possess with intent to distribute cocaine, 21 U.S.C. Sec. 846 (1981 & Supp.1993), (2)two counts of distribution of cocaine, 21 U.S.C. Sec. 841(a)(1) (1981), (3) using a communication device in violation of 21 U.S.C. Sec. 843(b) (1981), and (4)interstate travel to facilitate a conspiracy, 18 U.S.C. Sec. 1952(a)(3) (1984 & Supp.1993). Garcia had previously pled guilty to three counts without a plea agreement: (1)conspiracy to distribute and possess with intent to distribute cocaine, 21 U.S.C. Sec. 846 (1981 & Supp.1993), (2)possession of cocaine with intent to distribute, 21 U.S.C. Sec. 841(a)(1) (1981), and (3)using a communication facility in violation of 21 U.S.C. Sec. 843(b) (1981). Harris was sentenced to a 264 month term of imprisonment and a five year term of supervised release. Garcia was sentenced to a 121 month term of imprisonment and a five year term of supervised release